UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

AUNDREA TYRONE SIMMONS                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 3:13-cv-624-LRA

TYRONE LEWIS, ET AL.                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion for Summary Judgment [48] filed by Defendant Floyd Brown, Health Services Administrator, as well as the Motion for Summary Judgment [51] filed by Defendants Sheriff Tyrone Lewis, Captain Sean Goforth and Warden Phil Taylor. Having considered the entire record in this matter, the Court finds that Defendant Brown's motion is well-taken and should be granted; the motion filed by Defendants Goforth and Taylor is granted; and the motion filed by Defendant Lewis is denied.

### I. Background

Plaintiff, who is proceeding *pro se* in this litigation, brought this lawsuit pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement.[1] Specifically, Plaintiff alleges that while he was housed at the Hinds County Detention Facility (HCDF) in Raymond, Mississippi, he was subjected to unconstitutional living conditions and denied medical care. [1].

The Court held an omnibus or *Spears* hearing in this matter on April 9, 2014, at which Plaintiff was afforded the opportunity to fully explain his claim.[2] At the hearing, all parties

---

[1] Plaintiff was incarcerated when this suit was filed but is not at this time.

[2] *See Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985).

1

consented to the undersigned deciding this case in its entirety. [43]. 28 U.S.C. § 636. As the

Court noted in its Omnibus Order [38], Plaintiff elaborated on his claims at the hearing:

> According to Plaintiff, he was housed in conditions at HCDF which were hazardous to his health and violated his constitutional rights. The cells were dark; the floors were unsanitary; the showers were moldy and dirty and had no light fixtures; there were fire hazards everywhere; the food was unsanitary; there were security breaches. These conditions caused him to get an infection in his scalp. Dr. Sutton told him it was caused by the mold, and he has to use an antibacterial shampoo to treat it. He has no other physical injuries as a result of the conditions of his confinement.
>
> Plaintiff also contends that his medical care was constitutionally insufficient. He complained of a hernia and made many medical requests. Defendant Floyd Brown told him it was not life-threatening and refused him care. The hernia was diagnosed by Dr. Sutton and Dr. Tatum in August 2012, and both of those doctors requested that he be provided surgery. The jail officials, and Floyd Brown, refused to let him have it. The hernia worsened, and on Thanksgiving 2013, Dr. Sutton sent him to the emergency room because the hernia had caused an abscess in his testicles. A Catscan was taken on December 5, 2013, and surgery was performed. Prior to that, he was only given pain pills, nerve pills, Flexeril and Neurontin. According to Plaintiff, these were not the correct medications for his hernia. Defendant Floyd Brown was the health administrator and called the shots about who gets surgery. Plaintiff contends that Brown told him to take his medication and he would be okay. If Brown had done what the doctors said instead, Plaintiff asserts that he would not have gotten the abscess.

[38] at 2-3.

All Defendants have moved for summary judgment [48, 51] and the Court has considered

the parties' filings, together with the entire record in this matter.

## II.  Standard of Review

"Summary judgment is appropriate if the moving party can show that 'there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United

States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)). "A

factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving party." *Chiu v. Plano Indep. Sch. Dist.,* 339 F.3d 273, 282 (5th Cir. 2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir. 1999)). When considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir. 2013). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir. 2002)).

### III. Defendants Brown, Goforth and Taylor

Plaintiff claims that Defendants Brown, Goforth and Taylor denied him proper medical care for his hernia in violation of his constitutional rights. [1], [7]. As noted *supra*, Defendant Brown was the health services administrator at HCDF. Defendant Goforth was a captain at HCDF during Plaintiff's incarceration, and Defendant Taylor was the warden. [53-1] at 11-12. Plaintiff alleges that these Defendants knew he needed surgery for his hernia, and had he been operated on earlier, he would not have developed an abscess and now need another surgery. Though Plaintiff primarily blames Defendant Brown for the denial of medical care, Plaintiff also testified that he wrote both Defendant Goforth and Defendant Taylor regarding his need for surgery, but they did not act. [53-1] at 11-12.

Pretrial detainees, which is what Plaintiff was when he entered HCDF, have a Fourteenth Amendment right to medical care while incarcerated. *See, e.g., Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir.1996). Where, as in this case, an alleged deprivation of this right is due to an episodic

3

act or omission, the relevant inquiry is whether Defendants were deliberately indifferent to Plaintiff's serious medical need. *Id.* Plaintiff must show both that Defendants had knowledge of a substantial risk of serious harm, and were deliberately indifferent to that risk. *Id.*

Defendant Floyd Brown, a registered nurse, became Heath Services Administrator at HCDF during Plaintiff's incarceration there. [48-2]. The medical records submitted by Defendant Brown in support of his motion reflect that Plaintiff was seen for his hernia five times between July 10, 2013, and October 24, 2013. The hernia was reducible, meaning that Plaintiff was not in immediate danger of complications arising from the hernia. Plaintiff was given medication to control his pain. On November 28, 2014, Plaintiff's hernia became incarcerated, meaning that he needed surgery. [48-4, 48-5]. Plaintiff was transported to a local hospital and the hernia was repaired.

The medical and grievance records submitted reflect that Plaintiff was being treated conservatively and without surgical intervention, until surgery became clearly required. Nurse Brown responded to Plaintiff's demand for surgery as follows:

> Please be advised of our attention to your situation. However, a review
> [of] your record shows no documentation of your hernia being incarcerated –
> which would place you at risk for lost [sic] of limb or organ. We will
> continue to monitor your needs and as your turn is made available proceed
> to consider surgical intervention. Please continue to comply with your
> treatment to reduce any discomfort or prevent further discomfort. You will be
> referred to surgical consult as soon as any available space becomes open. In the
> meantime continue to use your medical request for your needs.

[53] at 17. Though Plaintiff also asserts that the delay in having surgery caused an abscess, which requires further treatment [53-1] at 8, mere disagreement with a prescribed course of medical treatment does not give rise to a Section 1983 claim, nor does medical malpractice. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Plaintiff's condition was monitored and surgery provided. Plaintiff has failed to establish a Section 1983 claim against Defendant Brown. Plaintiff's

claim against Defendants Goforth and Taylor fail as well. Plaintiff claims that he complained to them about the medical treatment that he received but they took no action. Again, Plaintiff was being treated and there has been no evidence presented that any Defendant was deliberately indifferent to Plaintiff's serious medical need.

### IV.  Defendant Lewis

Plaintiff's claims against Defendant Hinds County Sheriff Tyrone Lewis concerning the conditions in which he was housed are of a systemic, as opposed to an episodic, nature. *See Duvall v. Dallas County, Texas*, 631 F.3d 203 (5th Cir. 2011). When systemic conditions are alleged to have violated constitutional rights, the inquiry differs from that utilized when episodic acts or omissions are challenged. The Fourteenth Amendment prohibits punishment of pretrial detainees, and conditions of confinement must be reasonably related to legitimate governmental objectives. *Id.* at 206-207. However, the Fifth Circuit has held that "the reasonable-relationship test employed in conditions cases is functionally equivalent to the deliberate indifference standard employed in episodic cases." *Scott v. Moore*, 114 F.3d 51, 54 (5th Cir. 1997)(internal citation omitted).

The conditions of confinement at HCDF as described by Plaintiff in his complaint, supplemented by his testimony at the omnibus hearing, raise a genuine issue of material fact. Extensive mold (a sample of which Plaintiff mailed to the Court), exposed live wiring, overcrowding, cell doors inmates can open and gang member guards who allow gang member inmates to attack other inmates [1] are just a few of the complaints Plaintiff has made. The Court concludes that there is a question of fact regarding whether conditions at HCDF were such as to create a substantial risk of serious harm amounting to punishment. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994)**.**  Whether Plaintiff will ultimately prove "a pervasive pattern of serious

deficiencies in providing for his basic human needs" remains to be determined. *Shepherd v. Dallas County*, 591 F.3d 445, 454 (5th Cir. 2009).

Defendant Lewis also argues that Plaintiff cannot pursue his damages claims because he did not suffer physical injury, a necessary element of a Prison Litigation Reform Act claim. 42 U.S.C. § 1997e. However, as Defendant also notes, Plaintiff claims he developed a rash of some sort on his scalp due to the unsanitary conditions. He alleges he was prescribed antibiotics and a special shampoo. Additionally, Plaintiff claims that he developed a sleep disorder and depression, which require medication, as a result of the violence he witnessed at HCDF. [1], [51-3] at 11. At this juncture, the Court concludes there is a question of fact regarding whether Plaintiff's alleged injuries meet the threshold.

Defendant also argues that Plaintiff has failed to identify any policy of Hinds County, Mississippi, so as to hold Defendant accountable in his official capacity. Rather, Defendant claims, there are policies in place providing for clean, safe jail conditions. However:

> In some cases, a condition may reflect an unstated or *de facto* policy, as evidenced by a pattern of acts or omissions "sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials, to prove an intended condition or practice." Proving a pattern is a heavy burden, one that has rarely been met in our caselaw. Further, to constitute impermissible punishment, the condition must be one that is "arbitrary or purposeless" or, put differently, "not reasonably related to a legitimate goal."

*Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009)(internal citations omitted). Though the standard is high, the Court has determined that a trial is necessary to determine whether housing conditions of pretrial detainees at HCDF are unconstitutional.

6

## V.  Conclusion

**IT IS THEREFORE ORDERED** that:

Defendant Brown's Motion for Summary Judgment [48] is hereby **GRANTED**.

The Motion for Summary Judgment filed by Defendants Lewis, Goforth and Taylor [51] is **GRANTED** as to Defendants Goforth and Taylor, and **DENIED** as to Defendant Lewis.

Plaintiff's claims against Defendants Goforth and Taylor are dismissed with prejudice.

Plaintiff's claims against Defendant Lewis will be set for trial by separate Order.

SO ORDERED, this the 3rd day of November, 2014.

                                        /s/ Linda R. Anderson
                                          UNITED STATES MAGISTRATE JUDGE