### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**AUNDREA TYRONE SIMMONS**                                          **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO. 3:13CV624-LRA**

**SHERIFF TYRONE LEWIS, ET AL**                                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This case came before the Court for trial on February 11, 2015.  Defendant made an *ore tenus* motion to dismiss the case based upon Plaintiff's failure to exhaust his claims regarding the conditions of his confinement in the Hinds County Detention Facility ["HCDF"].  Plaintiff testified on his own behalf, and Warden Phil Taylor testified on behalf of the remaining Defendant, Sheriff Tyrone Lewis.  Both witnesses also testified regarding the issue of whether Plaintiff had exhausted his claims prior to filing this suit.

### Exhaustion

The Court finds that Defendants have proven by a preponderance of the evidence that Plaintiff failed to exhaust his administrative remedies and that such remedies were available to him. Plaintiff's grievance file was admitted into evidence, and it contained many grievances relating to his hernia and the medical care given him.  However, those claims have previously been dismissed by the Court.  The file contains only one grievance regarding the lack of lighting in the cell, and it was filed on September 9, 2013.  Plaintiff received a response indicating that a work order had been ordered.  No further appeal was taken, and Plaintiff filed this Complaint on October 7, 2013, just a few weeks later.  Plaintiff testified that the grievance form did not have a 2nd step form attached for him to continue his appeals.  However, Warden Taylor testified that an appeal could be made on a separate sheet of paper, or by filing additional grievances, if he had not been satisfied with the result.

Plaintiff admits that he has no evidence of any other written grievance he filed while housed there; his primary contention is that such a grievance would have been ignored.

An inmate must comply with a facility's grievance procedure before he can bring his conditions of confinement case to court. *Jones v. Bock*, 549 U.S. 199, 216 (2007).  Here, Plaintiff maintains that he sent many grievances regarding his claims, but not all of them are in his grievance file, and he has no copies of the remaining ones.   Although he filed complaints, Plaintiff testified that he received no relief.

The PLRA governs all of Plaintiff's claims.  Accordingly, he was required to complete the HCDF grievance procedure in its entirety before filing suit under § 1983.  The requirement of exhaustion applies regardless of a plaintiff's opinion on the efficacy of the institution's administrative remedy program. *Alexander v. Tippah County, MS*, 351 F.3d 626, 630 (5th Cir. 2003).  It is not for this Court to decide whether the procedures "satisfy minimum acceptable standards of fairness and effectiveness."  *Booth v. Churner*, 532 U.S. 731, 740 n. 5 (2001).

The Fifth Circuit has confirmed that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement."  *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*).  Considering the evidence presented at trial, this Court finds that Defendant has rebutted Plaintiff's assertion that he exhausted his claims through the grievance procedure at the Hinds County Detention Facility prior to filing his Complaint in this Court.  Simply alleging that it would not have helped to file an official grievance, or to appeal,  is not enough to excuse the requirement under the law.  Accordingly, this case must be dismissed on the non-exhaustion issue.

Notwithstanding the exhaustion issue, testimony and evidence have been presented on the merits, and the Court has also considered the merits of Plaintiff's claims, as set forth hereinafter.

### Conditions of Confinement

Plaintiff's evidence consisted of his own sworn testimony, and Plaintiff presented his claims in an articulate manner.  He testified that he was housed in the HCDF from July  2012 through January 2014.  Plaintiff was housed there as a pretrial detainee on charges of aggravated assault, armed robbery, and felon in possession of a firearm.  He pled guilty to the firearm charge, and the assault and robbery charges were dismissed.  The Court shall consider Plaintiff a pretrial detainee for purposes of this opinion.

Plaintiff testified that he was subjected to unsanitary conditions while housed at HCDF, and that those conditions resulted in him having a rash or infection on his head, as well as depression and anxiety.  There was mold in the shower, and it was never properly removed or cleaned or treated, and it caused the head rash.  This infection had to be treated with antibiotics and prescription shampoo.  Plaintiff's food was also unsanitary, as the serving trays were placed on the floor and under the cell door.  He had no lights in his cell and had to read on the floor using the six-inch space under his door for lighting.  He had a window, but it was blacked out for security purposes.  There was no lighting in the ceiling of the shower, and pieces of mold fell from the ceiling when it got hot. The wires in the lighting fixtures were dangerous and had no plastic covering.  They were a constant fire hazard, as the wires were not covered and were live.  Plaintiff testified that he was afraid for his safety while

housed at HCDF.  He witnessed fights among other inmates, and this caused him emotional stress and depression.  The doctor prescribed him medications for these conditions, according to Plaintiff.

The Court has considered carefully all of Plaintiff's testimony and is obliged to determine whether or not he has proven by a preponderance of the evidence that his constitutional rights have been violated by this Defendant.  Pretrial detainees have a due process right not to be subjected to jail conditions that constitute punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).  In order to succeed on a claim under § 1983 alleging unconstitutional jail conditions, a pretrial detainee must establish that the complained-of conditions have been imposed for a punitive purpose and that they have resulted in "serious deficiencies" in providing for his "basic human needs."  *Shepherd v. Dallas County*, 591 F.3d 445, 454 (5th Cir. 2009).  "Punishment"  may be "the manifestation of an explicit policy or restriction";  it may also be manifested by a *de facto* policy if a pattern of conduct or condition is sufficiently extended or pervasive such that intent to punish may be presumed.  *Id.* at 452.  Furthermore, the punishment is impermissible only if it bears no reasonable relationship to a legitimate governmental interest and if it causes a violation of a detainee's  constitutional rights.  *Duvall v. Dallas Cnty.,* 631 F.3d 203, 207 (5th Cir. 2011).

Under the Eighth Amendment, to establish that the conditions under which he was housed constituted cruel and unusual punishment, an inmate must show that he was deprived of the "minimal civilized measure of life's necessities."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). As a pretrial detainee, he must show there were serious deficiencies in providing for "basic human needs" and that there was an intent to punish.  The conditions described by Plaintiff  concerning his stay in the HCDF do not rise to this level of severity. The Court concludes that Plaintiff has failed to prove by a preponderance of the evidence that the conditions in the HCDF were so deficient as to him to constitute an intent to punish him.  Further, he set forth no evidence showing a *de facto*

policy at the jail wherein an intent to punish could be presumed.  Plaintiff did receive food, clothing, and medical care.  He was treated by physicians or other medical personnel while he was housed at HCDF.  Although he contends that the conditions caused him injuries, consisting of a rash on his head due to the unsanitary conditions of the shower, his medical records do not confirm that his rash was caused by unsanitary conditions.  His evidence does not establish any medical problems that are directly connected to his incarceration at HCDF.  The proof fails to show that his conditions of confinement constituted punishment and resulted in serious deficiencies in the provision of Plaintiff's basic human needs.

Plaintiff did not testify that he had direct personal contact with Sheriff Lewis.  He has also failed to establish that a *de facto* policy existed with an intent to punish Plaintiff.  Warden Taylor testified that there was no such policy, and that it was against the jail's policies to use conditions of the jail as punishment.

No liability has been established against Sheriff Lewis in this case, in either his individual or official capacity.

### Conclusion

The Court concludes that Simmons has failed to prove by a preponderance of the evidence that his rights under the United States Constitution were violated by Sheriff Lewis due to the conditions in which Simmons was housed at the Hinds County Detention Facility.  Accordingly, this case must be dismissed with prejudice.

IT IS, THEREFORE, ORDERED that Plaintiff's Complaint is dismissed with prejudice, and Final Judgment shall be entered on this date in favor of Defendant Sheriff Tyrone Lewis.

SO ORDERED, this the 11th day of February 2015.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE